[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S NOTION FOR NOTIFICATION (#101)
The parties' marriage was dissolved on April 29, 1988. The judgment provided for joint legal custody of their minor son, Ari, born January 25, 1984. The physical custody was left undetermined, with the agreement that the parties would define a parenting schedule after consulting with a clinician regarding the child's best interest.
The defendant has brought the present motion seeking a modification of the parenting plan that has been in place since the dissolution decree was entered. Specifically, the defendant is requesting to be principally responsible for his son's care during school weekdays.
Both parties presented themselves as being intelligent and articulate and concerned parents. The court agrees with the observation of the guardian ad litem that whatever decision is rendered, the child will have a loving, concerned custodian. Each party is qualified to handle that responsibility. CT Page 7887
The court understands the defendant's pursuing the present action, because he is concerned about his son's welfare, and he honestly believes he can provide greater assistance for the child's needs. He also feels committed to accommodate his son's express desire to live principally with his father and to seek that result in Ari's behalf.
The court can appreciate the child's desire to live principally with his father. He sees his father's home as offering the comfort of an intact, happy family, with a father, "mother" and a sister. When this is contrasted to his present environment of a home with a single parent and no sibling, his wishes are understandable.
Other than the child's stated desire, however, no persuasive evidence has been presented to justify removing the child from his present living arrangement with his mother. The plaintiff, without serious disagreement, was described as a loving, nurturing parent available to meet the needs of her son. The evidence does not indicate that Ari's school work is suffering because of lack of interest at home.
Based on a consideration of all the evidence presented, including the recommendations of the family services counselor, the guardian ad litem and the child's therapist, the court concludes that it is in the best interests of the child that the following orders may enter.
(1) The parties shall continue to share joint legal custody of their son, Ari;
(2) The following parenting plan shall be implemented:
A. The child shall reside with the plaintiff from Mondays, from 4:30 p.m. on school days or 9 a.m. on non-school days through Fridays at 4:30 p.m.;
B. The child shall reside with the defendant from Fridays at 4:30 p.m. through Mondays at 9 a.m. or after transporting Ari to school;
C. Every six weeks when the defendant has his on-call weekend, the child shall remain with his mother on that weekend. However, the child may visit his father on the Thursday prior to that weekend from after school, or 1 p.m. if no school, till 7:30 CT Page 7888 p.m.
D. The following holidays, which are observed on a Monday shall be alternated by the parties: Martin Luther King's birthday; President's Day; Memorial Day; Labor Day; and Columbus Day.
E. The following Jewish holidays shall be split equally between the parties, and shall begin at sunset the day before the holiday: Rosh Hashana; Yom Kippur; Chanukah; and Passover.
F. The child shall spend the following occasions with the defendant: Father's Day; father's birthday; step-mother's birthday; sister's birthday party.
G. The child shall spend the following occasions with the plaintiff: Mother's Day; mother's birthday.
H. The parties shall alternate the child's birthday. All times for birthdays shall be from 10:00 a.m. to 7:00 p.m., except if it is a school day when it will be after school from 4:00 p.m. to 7:00 p.m.
I. The parties shall alternate the child's principal school recesses of Thanksgiving, Christmas, Winter and Spring recess. A party's visitation shall commence immediately after school on the last day of school, and the child shall be returned to the other parry if the other party's visitation is scheduled not later than 7:00 p.m. on the day prior to recommencement of school.
J. The child shall spend the first week after the end of school with the plaintiff and shall spend one week prior to school beginning with his father. The child attends camp for approximately eight weeks in the summer, and the parties shall continue the visitation as during the school year. The parties shall consult with each other and determine Ari's camp's commitment by April 1st of each year.
All time not spent by the child in camp shall be equally divided between the parties, and they shall consult with each other and determine their summer vacation times by May 1st of each year.
(3) Both parties shall notify the other of a telephone number where the child can be reached when the child is with the other party. CT Page 7889
(4) Both parties shall notify the other when one party takes the child out of state for periods that are greater than one day in length.
(5) If either party has knowledge of any illness or accident or other circumstances seriously affecting the health or welfare of the child, he or she shall promptly notify the other. Each of the parties shall furnish the other with copies of any reports from third persons concerning health, education or welfare of the child.
(6) The parties shall exert every reasonable effort to maintain free access, including telephone access, and unhampered contact between the child and each of the parties and to foster a feeling of affection between the child and the parties hereto. Neither party shall do anything which may injure the opinion of the child of the other party, or act in such a way as to hamper the free and natural development of the child's love and respect for the other party.
(7) If either party intends to change his or her principal residence to a location more than twenty-five (25) miles from Stamford, Connecticut, said party shall give the other party at least ninety (90) days written notice of the date the change is to take place, the specific location of the change, and the reasons for the change.
Orders may enter accordingly.
NOVACK, J.
Decision entered in accordance with the foregoing, 8/30/93 Asst. Clerk
All counsel notified 8/30/93